# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| NATALA STROMAN, Individually and as Personal Representative of the Estate of her Deceased Mother, DELPHANE LEYSATH, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 060050JCH |
| GENERAL MOTORS CORPORATION, and MICHELIN NORTH AMERICA, INC., ) ) ) | |
| Defendants. ) | |

## PROTECTIVE ORDER

To preserve and maintain the confidentiality of certain documents and materials produced by General Motors Corporation (GM) in this lawsuit, IT IS HEREBY ORDERED:

1.  As to any documents, materials or information (whether designated "General Motors" or otherwise) produced or disclosed in this action by GM and designated by GM as being confidential, such documents, materials or information (including any copies, recordings, discs, prints, negatives, summaries, or the contents or substance thereof) shall not be shown or sent to any entity or person except the parties to this lawsuit, their attorneys and employees, experts and consultants specifically employed and retained in connection with this action, except as provided in Paragraph 4 below.

2.  Any employee, expert or consultant allowed access to confidential information pursuant to this Protective Order shall use the information only for purposes of this litigation and shall not give, show or send any of the documents, materials or information produced by GM which are designated and confidential to any other entity or person.

3.  All transcripts, depositions, exhibits or other pleadings or filings in this action that contain or otherwise set forth documents, information or other materials, or the contents thereof, which have been

previously designated by GM as confidential shall likewise be subject to the terms of this stipulation and Protective Order. Any such transcripts, depositions, exhibits or other such documents, containing such confidential information, which are filed with the Court, shall be filed in sealed envelopes or other sealed containers that shall bear the caption of this action, an indication of the nature of the contents of such sealed envelope or container, the words "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" and a statement substantially stating that the envelope or container is not to be opened, nor the contents thereof to be displayed or revealed, except by express order of the Court.

4. (a) Plaintiff's counsel and their experts shall not provide a copy, in whole or in part, of any "confidential" document or thing, except to an attorney who is actually involved in the prosecution of a pending similar claim, and shall not provide such copies to any such attorney without notifying the Office of the General Counsel of General Motors Corporation, 400 Renaissance Center, Post Office Box 400, Detroit, Michigan 48265-4000, 30 days in advance of the delivery of such copies, of the name and address of the attorney to whom such copies will be delivered, the style, cause number and court where pending of the similar case in which such attorney is involved.

(b) The phrase "pending similar claim" means a case in suit, or a case in which Plaintiff's counsel has a signed contract for representation although suit has not yet been filed, involving an alleged defective seat belt or seat back in a 1996-2002 GMT 600 (G-van).

(c) The term "copies" as used herein means any photographic or mechanical copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

(d) Such notification is required in order to allow GM the opportunity to apply to such other court as has jurisdiction of such other litigation to obtain such relief or protective order or order of confidentiality as such court may deem appropriate.

2

(e)     Any plaintiff's counsel with whom the documents are shared pursuant to Paragraph 4 shall sign the non-sharing protective order attached as Exhibit A and shall agree to be bound by its terms.

5.     Upon conclusion of this action, by settlement or otherwise, counsel for Plaintiff herein shall destroy all documents or other materials produced by GM which are subject to this Protective Order and which are in the possession of counsel for Plaintiff, including any and all copies, recordings, prints, discs, negatives, or summaries thereof (including, but not limited to, any such materials in the possession of any employees, experts or consultants), except those comprising any trial or appellate court record. As to any confidential documents and materials that comprise any portion of the trial or appellate record, they shall remain confidential and shall continue to be sealed in accordance with the terms of Paragraph 3 of this Protective Order.

6.     All documents, information or materials furnished by GM, designated so as to be subject to this Protective Order, shall be so designated by GM at the time produced or disclosed. GM may only designate materials that contain trade secrets or other confidential research, development or commercial information.

(a)     "Trade secrets or other confidential research, development or commercial information" means a secret, commercially valuable plan, formula, process or device that is used for the making, preparing, compounding or processing of trade commodities and that can be said to be the end product of either innovation or substantial effort. This definition requires that there be a direct relationship between the subject information and the productive process. The definition includes only information which, if disclosed, will cause a clearly defined, serious injury to GM's business.

(b)     If GM designates any materials which Plaintiff contends do not contain trade secrets or other confidential research, development or commercial information, Plaintiff shall identify those materials in a letter to counsel for GM. Counsel for GM shall then request a hearing within 30 days

3

on the issues of confidentiality of those items in dispute or else the confidential status of those items shall terminate at the end of 30 days from the receipt of the letter from Plaintiff's counsel, unless the time for the hearing or ruling on the issue is extended in writing by agreement of the parties or order of the Court, or unless the confidential status is approved by the Court. At the hearing, GM shall have the burden to prove its claim that such items are trade secrets or other confidential research, development or commercial information.

7. To the extent that protected documents, or information contained therein, are used in the taking of depositions, the documents or information shall remain subject to the provisions of this Protective Order.

8. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, division, employees, agents, independent contractors, or other persons or organizations over which they have control. This Protective Order is without prejudice to reconsideration by the Court as discovery continues and may, upon showing of need and good cause, be modified. *Protective order to be lifted on 9/3/08*

IT IS SO ORDERED.

Dated this 18th day of June, 2007.

_____
Judge

4

APPROVED AND AGREED TO BY:

**ATTORNEYS FOR PLAINTIFFS**

Donald H. Loudon, Jr. (MO Bar No. 37153)
J'nan Kimak Judy (MO Bar No. 56596)
Humphrey, Farrington & McClain, P.C.
P.O. Box 900
221 West Lexington, Suite 400
Independence, MO 64051
816-836-5050 (phone)
816-836-8966 (fax)


Elizabeth A. Alexander (BPR #19273)
Christopher E. Coleman (BPR #024950)
Lieff, Cabraser, Heimann & Bernstein, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219
615-313-9000 (phone)
615-313-9965 (fax)

**ATTORNEYS FOR DEFENDANT
GENERAL MOTORS CORPORATION**


Rodney E. Loomer, MO Bar #24013
Wallace S. Squibb, MO Bar #43459
(admitted pro hac vice)
TURNER, REID, DUNCAN, LOOMER & PATTON, P.C.
1355 E. Bradford Parkway, Suite A
P.O. Box 4043
Springfield, MO 65808-4043
417-883-2102 (phone)
417-883-5024 (fax)


Peter B. Hoffman, MO Bar No. 25645
BAKER STERCHI COWDEN & RICE LLC
1010 Market St. Suite 950
St. Louis, MO 63101
314-231-2925 (phone)
314-231-4857 (fax)